J-A31015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MILTON M. GARCIA | : | |
| | : | |
| Appellant | : | No. 1189 EDA 2016 |

Appeal from the Judgment of Sentence March 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0010316-2014

BEFORE:   PANELLA, J., OLSON, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 22, 2018**

Milton M. Garcia appeals from the judgment of sentence entered in the

Philadelphia County Court of Common Pleas. Garcia challenges the

discretionary aspects of his sentence. We affirm.

The court summarized the relevant facts of this matter as follows:

On June 21, 2014[,] around 1:00 a.m., Complainant Dr. [K.G.[1]]
was walking home to her apartment on the 1900 block of Spruce
Street in Philadelphia. [Garcia] approached her from behind,
grabbed her arm and waist and held her as he walked along side
of her. [Garcia] told [K.G.] to walk to her apartment. When [K.G.]
reached the steps of her apartment, she tried to break free of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Throughout the record, K.G. is alternatively referred to as C.G. and K.B. **See**
Trial Court Opinion, 3/24/17, at 5 (referring to K.G. as C.G.); Commonwealth's
Brief, 2-4, 14 (referring to K.G. as K.B.). As the original criminal complaint
refers to K.G. as K.G., we will continue to refer to her as such. **See** Criminal
Complaint, 6/24/14.

[Garcia's] grip. [Garcia] then grabbed [K.G.] by the back of the neck and told her to go into her apartment.

Once [K.G.] unlocked the exterior door to her apartment, [Garcia] forced her up the stairs. When they reached [K.G.'s] apartment she tried to push [Garcia] out but he pushed her onto her apartment floor. Once inside, [Garcia] pulled [K.G.] onto the couch, told her to shut up and ordered her to take off her shorts. After [K.G.] removed her shorts, [Garcia] inserted his penis inside her vagina without her consent. A few minutes later, [Garcia] stopped and walked to another area of [K.G.'s] apartment and out of her view.

After about 15 minutes, [Garcia] came back toward [K.G.] who was sitting on the couch. [Garcia] stood in front of [K.G.] and put his penis inside her mouth. [K.G.] tried to bite [Garcia's] genitals and begged for him to stop. [Garcia] then forced his penis inside [K.G.'s] vagina while he covered her mouth with his hand. After he finished, [Garcia] took [K.G.] iPhone and keys to her apartment before he left.

Trial Court Opinion, 3/24/17, at 2-3 (citations to the record omitted).

On June 24, 2014, police arrested and charged Garcia with K.G.'s rape and related offenses. On November 10, 2015, Garcia entered a *nolo contendere* plea to rape by forcible compulsion, involuntary deviate sexual intercourse ("IDSI"), burglary, and kidnapping.

Garcia's sentencing was scheduled for March 7, 2016. Prior to sentencing, the court considered a pre-sentence investigation ("PSI"), the Commonwealth's sentencing memorandum, Garcia's sentencing memorandum, K.G.'s victim impact statement, K.G.'s mother's victim impact statement, and Garcia's allocution. Ultimately, the court sentenced Garcia to 7.5 to 15 years imprisonment for rape, 7.5 to 15 years' imprisonment for IDSI, 4-8 years' imprisonment for kidnapping, and 3-6 years imprisonment for

burglary. The court ordered these sentences to be served consecutively, for an aggregate sentence of 22-44 years' imprisonment.

Garcia filed a timely post-sentence motion challenging the discretionary aspects of his sentence. The court denied Garcia's motion. This timely appeal follows.

On appeal, Garcia contends that the court abused its discretion in imposing sentence. Garcia relies upon three arguments to support this contention.[2] First, Garcia asserts that the imposition of four consecutive sentences resulted in an unduly harsh sentence. Next, Garcia contends the court erred by failing to properly consider his rehabilitative needs, and balance these needs with the protection of the public and the gravity of the offense. Finally, Garcia alleges the court abused its discretion by sentencing him outside the aggravated range for rape and ISDI[3] without contemporaneously stating a sufficient reason for doing so on the record. Garcia concedes that all three of these challenges implicate the discretionary aspects of the court's sentence.

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a

_____

[2] We have reordered Garcia's arguments for ease of disposition.

[3] At the time of Garcia's sentencing, the standard range sentence for both rape and IDSI was 48-66 months' imprisonment, plus or minus 12 months. Therefore, a sentence of 7.5 years (90 months), is above the aggravate range of the sentencing guidelines.

claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). "Two requirements must be met before we will review this challenge on its merits." ***Id***. (citation omitted).

"First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." ***Id***. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." ***Id***. (citation omitted). That is, "the sentence violated either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005) (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. (citation omitted). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f). Here, Garcia has preserved his arguments through a post-sentence motion and his appellate brief contains the requisite Rule 2119(f) concise statement. Therefore, we must determine if any of Garcia's three issues raised in his Rule 2119(f) statement raise a substantial question.

Moving to Garcia's first issue, he claims the court imposed an unduly harsh sentence by running his four sentences consecutively. Garcia, a Honduran national, contends this sentence is unreasonable because he will not be able to see his family in Honduras for the length of his imprisonment.[4] We cannot review this claim because it does not raise a substantial question for our review.

"Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible' confinement." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). The sentencing court "has the discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question." **Id**. (citation omitted). **See**

_____

[4] Garcia could apply for transfer to a Honduran prison. **See** 42 Pa.C.S.A. § 9171. **Exchange of Offenders Under Treaty**. "Prisoners may be transferred to and from those countries with which the United States has a treaty. … A state prisoner interested in transfer must find out from the appropriate state authorities what the procedures are in that state for applying for a prisoner transfer. In order for a state prisoner to obtain a transfer to his home country, his application must be approved at both the state and federal levels." The United States Department of Justice, International Prisoner Transfer, How the Program Works, available at https://www.justice.gov/criminal-oeo/how-program-works (last visited August 7, 2018). The United States has a prisoner transfer treaty with Honduras through the Council of Europe Convention on the Transfer of Sentenced Persons. **See** The United States Department of Justice, International Prisoner Transfer, List of Participating Countries, available at https://www.justice.gov/criminal-oeo/list-participating-countries (last visited August 7, 2018). Information specific for Pennsylvania is available from the Department of Justice at https://www.justice.gov/criminal-oeo/pennsylvania-state-contact-international-prisoner-transfer.

*also* 42 Pa.C.S.A. § 9721(a). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-172 (citation omitted).

An "extreme circumstance" is not present here. The court acted well within its discretion in imposing four consecutive, and legal, sentences. Given the egregious nature of the sexual assault in this matter—and the profound effect the assault had on K.G.—we agree with the court's conclusion that a sentence of 22-44 years' imprisonment is reasonable under the circumstances and not excessive. Thus, Garcia's first challenge to the discretionary aspects of his sentence is without merit; it does not even raise a substantial question for our review.

Next, Garcia argues that the court failed to "carefully consider[ ] the relevant factor of appellant's rehabilitative needs and balanc[e] those with the protection of the public and the gravity of the offense." Appellant's brief, at 10. Once again, this contention does not raise a substantial question for our review. *See Commonwealth v. Kane*, 10 A.3d 327, 335-336 (Pa. Super. 2010) (finding claim that sentencing court failed to "carefully consider all relevant factors set forth in 42 Pa.C.S.A. 9721(b)" does not raise a substantial question). *See also See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*).

Even if this issue did raise a substantial question for our review, in situations where the sentencing court had the benefit of a PSI, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. ***See Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.") ***See also Tirado***, 870 A.2d at 368 (finding that where the sentencing court has a PSI "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors") (internal quotation marks omitted).

Finally, Garcia argues in his Rule 2119(f) statement that the court abused its discretion by "sentencing appellant outside the aggravated ranges as prescribed by the Sentencing Guidelines for rape and IDSI and not stating adequate contemporaneous reasons on the record for such deviations…." Appellant's Brief, at 11. This claim raises a substantial question for our review. ***See***, ***e.g.***, ***Commonwealth v. Rodda***, 723 A.2d 212, 214 (Pa. Super. 1999).

> The standard of review with respect to sentencing is as follows:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

> Where an excessive sentence claim is based on deviation from the sentencing guidelines, we look for an indication that the sentencing court understood the suggested sentencing range. When there is such an indication, the sentencing court may deviate from the sentencing guidelines
>
>> to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as the court also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range.
>
> Thus, simply stated, the sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside the guidelines as long as the sentencing court places its reasons for doing so on the record.

*Tirado*, 870 A.2d at 366 (citations omitted).

Here, the court demonstrated its awareness of the sentencing guidelines on the record. *See* N.T., Sentencing, 3/7/16, at 4-14. Further, the court described its awareness of Garcia's history as a student in his home country, his lack of a prior record, and his statement of remorse. *See id*., at 30-31. While the court noted that Garcia's mitigating factors kept it from adopting the maximum sentence of 40-80 years' imprisonment, it ultimately determined that the egregiousness of the crime and the severe impact on K.G., justified an above guidelines sentence. *See id*., at 31-33 (emphasizing its intent for the sentence to be "a fair sentence that recognizes the good things about [Garcia]" as well as "the horror" of his crime).

Based our review of the sentencing transcript, we find no merit to Garcia's contention that the court failed to adequately state on the record its reasoning for deviating from the guidelines. And we find no abuse of discretion in the court's imposition of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/18